## JURISDICTION OF THE COMMON PLEAS COURT ON A CLAIM FOR LESS THAN $100.

Circuit Court of Cuyahoga County.

SAMUEL CLARKE ET AL V. THEODORE CANNON.

Decided, March 24, 1911.

*Mechanic's Lien—Amount Less than $100—Jurisdiction of Common Pleas Court—Husband and Wife Jointly Indebted, When.*

1. Where an action is brought in the common pleas court to foreclose a mechanic's lien for less than $100, said court may retain the case and enter judgment for the amount claimed, although it adjudicates that the lien is invalid.

2. One who upon the order of a husband furnishes material for the construction of a house upon land the title to which stands in the wife, may have judgment therefor against both, if it appears that the whole project was a joint and family undertaking, to which both contributed of their means as far as they could, and in the benefits of which both parties were to share.

*W. T. Black* and *O. J. Campbell*, for plaintiffs in error.
*Seidman & Seidman*, contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

Defendant in error was plaintiff below, where he filed a petition containing two causes of action, one setting up a mechanic's lien and the other asking for judgment on the account claimed to be secured by said mechanic's lien; this account was for less than $100.

He failed as to his mechanic's lien, because notice to the owner was not given as provided in the amendment to Section 3185, Revised Statutes, found in 97 Ohio Laws, 499, which provides:

"Such persons so filing the affidavit herein provided, shall within thirty days thereafter notify the owner of the property,

his agent or attorney, that he claims such lien, and if he fail to do so, the lien so secured shall be null and void.''

This clause appears as Section 8315, in the General Code. On his other cause of action, on the account, he recovered judgment against both plaintiffs in error, who are husband and wife, the wife owning the property and claiming that her husband was not her agent in ordering the work done for which the plaintiff sued, but that she had made a written contract with her husband for the erection of a house on her own lot, and that he had made a personal contract with the plaintiff as a sub-contractor, upon which the husband alone, as principal contractor, was liable.

The case here requires an answer to two questions:

First, had the common pleas jurisdiction to render any judgment on the account, the amount thereof being less than $100, the limit of said court's original jurisdiction?

The action involving a lien upon real estate, it was properly brought in the common pleas court, although the amount claimed was less than $100; the proof showed that the plaintiff had complied with the law and secured a lien, but that it afterwards became null and void by the plaintiff's failure to notify the owner of his claim within thirty days after filing his affidavit.

The analogy between the situation here and in a case where the plaintiff sues for more than $100 but recovers less, is apparent. It is said in the case of *Draper* v. *Clark*, 59 Ohio St., 336, at page 340:

''It has been uniformly held that the amount claimed and not the amount recovered, determines the jurisdiction of the common pleas. If it were otherwise, the absurd result would follow that the court would be compelled to hear and determine a case on its merits in order to determine its jurisdiction.''

See also *Jenney* v. *Gray*, 5 Ohio St., 46; *Brunaugh* v. *Worley*, 6 Ohio St., 597, and *Linduff* v. *Plank Road Co.*, 14 Ohio St., 336.

It would seem that the reasoning of these cases requires us to hold that where an action is brought in the common pleas court to foreclose a mechanic's lien for less than $100 said court may

retain the case and enter judgment for the amount claimed, although it adjudicates that the lien is invalid.

Second, was the wife liable on this debt?

An answer to this question requires an examination of the weight of the evidence. We have read the record and think that it shows clearly that although the wife held title to the lot on which the house was built, and although she pretended to make a written contract with her husband for the erection of a house thereon, still the whole project was a joint and family undertaking, to which both parties contributed of their means so far as they could, and in the benefits of which both parties were to share.

The pretended contract was in the sum of $2,400; by a mortgage on the property $1,800 was raised; both parties signed the note secured by this mortgage. The wife wholly fails to explain where the other $600 was to come from. She says she left that to her husband.

The judgment being against both husband and wife, we are unable to say that it was not supported by the evidence.

Judgment affirmed.